UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LEO D. YOUNGBLOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17CV39-PPS/MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Leo Youngblood, a *pro se* prisoner, filed an amended habeas corpus petition challenging a disciplinary hearing where a Disciplinary Hearing Officer found him guilty of use of a controlled substance in violation of Indiana Department of Correction Policy B-202 which prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law prohibits possession of any synthetic drug. Ind. Code § 35-48-4-11.5. Youngblood's guilty finding led to a loss of 90 days earned credit time, and he was demoted from Credit Class I to Credit Class II.

Youngblood identifies one ground which entitles him to habeas corpus relief. He argues that the hearing officer did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record

that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Admittedly, this is a modest standard. It requires no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Indeed, "[e]ven meager proof will suffice . . . " *Id*. But there has to be *evidence* not speculation or guesswork.

So what was the evidence that Youngblood was using drugs? It was thin to nonexistent. Let's start with what the conduct report had to say. Here it is in its entirety:

> On 8/17/16 at approximately 5:30 p.m.; Offender Leo Youngblood, IDOC# 921819, was involved in a medical emergency. Medical staff noted Youngblood presented with symptoms similar to other offenders who tested positive for the use of synthetic marijuana, commonly known as K2 or spice. Youngblood had seizure like activity and respiratory issues. Due to the K2 testing being unavailability (sic) during the metabolic time frame K2, the offender was not tested for K2.

ECF 15-1. The Health Services Administrator also provided a statement regarding this incident: "The above listed offenders all had OD symptoms related to a K2 spice overdose. All had seizure like activity, and respiratory issues. These symptoms have been displayed in other offenders in the past that had a K2 spice overdose." ECF 15-2.

In essence, the only evidence that Youngblood was using K2 was observations that Youngblood had symptoms consistent with K2 use. That strikes me as weak. And it's especially weak when one considers the fact that there was actual evidence to the contrary. Youngblood attached medical records from the hospital where he was sent for

treatment.[1] These records demonstrate that he submitted blood and urine tests, and that these tests were *negative* for many common controlled substances. ECF 1-2.

Youngblood argues that this evidence refutes the charge that he was under the influence. In light of this medical evidence, it was incumbent on Respondent to address the negative test results, and explain why the hearing officer's determination was nevertheless supported by sufficient evidence. Rather than addressing this issue head-on, Respondent argues that Youngblood was not entitled to laboratory testing. Respondent asserts, "a drug test was not conducted, and was not required." ECF 15 at 6. This is a half-truth. While it is true that prisoners facing prison discipline do not have a right to the creation of evidence,[2] that is not the issue in this case, where testing was in fact conducted. While the prison did not do a drug test, the hospital that treated Youngblood did. In light of the negative drug test results, Respondent needed to explain why the hearing officer's decision was not arbitrary.

In the order to show cause, Respondent was ordered to produce the full and complete administrative record. ECF 8. Thus, all evidence relevant to this matter has been filed. Yet, it falls short of even the low threshold required in prison disciplinary

---

[1] While there is a discrepancy between the date on the hospital records (August 16, 2016) and the date of the incident on the Conduct Report (August 17, 2016), this appears to be attributable to a mistake on the Conduct Report. Respondent does not contest that the hospital records pertain to the incident described in the Conduct Report.

[2] *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances).

cases. While there need not have been overwhelming evidence that Youngblood was guilty, the hearing officer's determination must have been supported by *some* evidence. This standard was not met in this case, and thus Youngblood is entitled to habeas corpus relief.

ACCORDINGLY:

Leo D. Youngblood's habeas corpus petition is **GRANTED**. The Respondent is **ORDERED** to file documentation by **November 20, 2017**, showing that the guilty finding in STP 16-08-160 has been vacated and that any earned credit time or demotion in credit class that Youngblood lost as a result of this guilty finding is restored.

**SO ORDERED.**

ENTERED: October 24, 2017.        /s/ Philip P. Simon
                                                            Judge
                                                            United States District Court